Williams, J.,
On February 14, 1884, Benj. Menges assigned his property, consisting of three lots of land, to A. D. Hower, Esq., for the benefit of creditors. The lands were appraised at $8,800. Menges negotiated a sale of lot No. 2 at $1,400, and Hower, at his request, made a deed to the purchaser. The purchase money was received by Hower, mingled with his own money, and the larger part of it deposited to his own credit in bank. The remaining lands were not sold but left by Hower in the possession of Menges, at his request, and his debts were settled by him and Samuel Menges, his father, without the agency of the assignee.
In February, 1887, the assignee filed his account, claiming commission on the entire appraised value of the real estate, although lot No. 2 was the only part of it ever converted into money or in any manner disposed of by him.' Exceptions were filed by the assignor, and, on hearing in the court below, the commission was disallowed, except upon sums actually coming into the hands of the assignee; and he was surcharged with interest for part of the time during which the trust funds were held by him. In this, we think the court was clearly right.
That it is the duty of one holding trust funds to keep them employed and make them productive, is too well settled to justify discussion. Landis v. Scott, 32 Pa. 495 ; Light’s Appeal, 24 Pa. 181.
It is equally clear that commissions are allowed as a compensation for services rendered in the collection or custody of funds actually received by an accountant. Debts inventoried but not collected are to be rejected in fixing the sum on which compensation is to be computed. Mayberry’s Appeal, 33 Pa. 258. The case of the appellant is very clearly within the rule, for, not only were lots Nos. 1 and 3 unadministered by him, but the money to pay the debts was earned by the assignor, or advanced by his father, and the accountant had no agency whatever in gathering or disbursing them.
The appellant seeks to avoid the force of this position by suggesting that he might have sold the property and refrained from so doing at the request of the assignor, and upon the promise that he should not be prejudiced thereby. But it is not to be supposed that a trustee would act otherwise than with a conscionable regard to the interests of both the assignor and his creditors. If these could be best served by refraining from the exercise of his power to convert the assigned estate at once into money, a trustee, in the exercise of his discretion, would stay his hand. It is not to be supposed that, under such circumstances, he would insist on bringing the assigned estate to the hammer for the mere purpose of entitling him to commission.
The delay in this instance enabled the assignor to save a portion *30 of his property, and to relieve the assignee from the duties of the trust by taking them upon himself. This has not prejudiced the assignee. He has been saved from liability, as well as from the trouble of converting the assigned estate into money. For what he did do, he is entitled to compensation, but for what was done by the assignor and his father, without his agency, he is entitled neither to credit in his account nor compensation.
The decree is affirmed and the appeal dismissed. T. H.